# Murray *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Pedestrian—Contributory negligence— Choice of ways—Case for jury.*

1. If the danger of the way he chooses is imminent, a pedestrian at a grade crossing may be said as a matter of law to be negligent in not taking a safer way which is open to him, but he is under no duty to leave a public highway, if, after he exercises due care, he finds no cause to apprehend danger.

2. Plaintiff's husband was killed in a grade crossing accident, where defendant maintained four tracks crossing a public highway in a borough; at one side of the crossing the defendant maintained a foot bridge across its tracks and twenty feet above them, which was used by it for signals and by pedestrians who chose to use it as a passageway. When deceased reached the crossing it was obstructed by a moving freight train, and he stood several minutes near the tracks and within a few feet of the steps that lead to the overhead bridge before starting to cross; he was struck on the third track by a train running sixty miles an hour through a dense fog and which approached without signals. *Held,* the question of defendant's negligence and the deceased's contributory negligence were for the jury, and a verdict and judgment for plaintiff was sustained.

Argued Oct. 8, 1913. Appeal, No. 236, Oct. T., 1913, by defendant, from judgment of C. P. Cambria Co., March T., 1911, No. 177, on verdict for plaintiff in case of Annie E. Murray *v.* Pennsylvania Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband.  Before STEPHENS, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $1,742.  The defendant subsequently made a motion for judgment n. o. v., which the court refused.  Defendant appealed.

*Errors assigned* were, inter alia, the refusal of binding instructions and the refusal of judgment for defendant n. o. v.

*H. W. Storey,* for appellant.

*D. E. Dufton,* with him *R. Edgar Leahey* and *E. T. McNeelis,* for appellee.

PER CURIAM, November 7, 1913:

At the place of the accident which caused the death of the plaintiff's husband, the defendant had four main tracks which crossed at grade a public highway in a borough.  At one side of the crossing it maintained a foot bridge across its tracks and twenty feet above them which was used by it for signals and by pedestrians, who chose to use it as a passageway.  When the deceased reached the crossing it was obstructed by a moving freight train and he stood several minutes near the tracks and within a few feet of the steps that led to the overhead bridge, before starting to cross.  He was struck on the third track by a train which admittedly was running sixty miles an hour, through a dense fog and of the approach of which, according to the plaintiff's witnesses no notice was given.  The only ground on which the case could have been withdrawn from the jury was that the deceased having a choice of ways was negligent in not taking the safer one.  If the danger of the way he chose was imminent it might be said as matter of law that he was negligent in taking it when a safer way was open to him.  But he was under no duty to leave the public high-

way if, after the exercise of care, he found no cause to apprehend danger. The presumption of care by him was strengthened by affirmative testimony as to what he did, and the question was necessarily for the jury.

The judgment is affirmed.